UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FLORA BIOSCIENCE, INC., et al.,<br><br>Defendants. | Case No. 23-cv-03952-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Scottsdale Insurance Company filed this insurance coverage action against defendants Flora Bioscience, Inc., Robert Robbins, and Marc Stoll. Robbins and Stoll are both members of Flora's board of directors. Robbins and Stoll now move to dismiss the lawsuit for lack of subject matter jurisdiction or, in the alternative, for failure to join an indispensable party. For the following reasons, the Court grants Robbins and Stoll's motion on the latter basis.

**BACKGROUND**

Flora is a corporation organized under Delaware law with its principal office in Santa Clara County, California. In December 2018, Flora shareholder Terry Gross made a derivative demand that Flora's board of directors pursue legal action against Flora's then-CEO John Alderete for his alleged mismanagement of the company's resources. In May 2019, Gross was appointed to become Flora's sole director, but he resigned in June 2019. In May 2021, Gross filed a derivative lawsuit against Flora (as a nominal defendant), Alderete, Robbins, and Stoll. The individual claims between Gross, Robbins, and Stoll settled in January 2023.

Scottsdale provides litigation insurance for Flora's board members and management. The relevant indemnity policy between Scottsdale and Flora (which was effective from June 2018 to June 2019) states that Scottsdale must "pay the Loss of the Directors and Officers for which the

1  Directors and Officers are not indemnified by the Company" or otherwise "pay the Loss of the

2  Company for which the Company has indemnified the Directors and Officers." Dkt. No. 1, at 3.

3  "Insured" in the policy is defined as both the "Company and the Directors and Officers." *Id.* at 4.

4  There is an "Insured v. Insured Exclusion," which states that Scottsdale is not liable for loss of any

5  claim brought by any Insured against the Company or against another Insured.

6        In this lawsuit, Scottsdale seeks a declaration that it need not defend or indemnify any of

7  the defendants in Gross's lawsuit because Gross was a Flora board member in May 2019 (and

8  thus, in Flora's view, an Insured) and his May 2021 suit is against Flora, Alderete, Robbins, and

9  Stoll, who are also Insureds under the policy. *Id.* at 10.

10        On October 16, 2023, Scottsdale dismissed Robbins as a defendant in this case. Although

11  Robbins had already been dismissed, he and Stoll jointly moved for dismissal for lack of subject

12  matter jurisdiction on October 17, 2023. They argue that this Court lacks diversity jurisdiction

13  under 28 U.S.C. § 1332 because both plaintiff Scottsdale and defendant Robbins are citizens of

14  Arizona. Robbins and Stoll contend that Robbins's October 16 dismissal did not eliminate this

15  jurisdictional problem both because Scottsdale violated the "time-of-filing rule" and because

16  Robbins is an indispensable party to the litigation under Federal Rule of Civil Procedure 19.

## LEGAL STANDARDS

18  A complaint that fails to establish a federal court's subject matter jurisdiction may be

19  dismissed pursuant to Rule 12(b)(1). An attack on jurisdiction "can either be facial, confining the

20  inquiry to allegations in the complaint, or factual, permitting the court to look beyond the

21  complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A

22  factual Rule 12(b)(1) motion can attack "the substance of a complaint's jurisdictional allegations

23  despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly

24  brought before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

25        Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all

26  persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different

27  states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v.*

28  *Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is incorporated

2

1   and the state in which it has its principal place of business—the corporation's "nerve center." *See*

2   *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). To establish jurisdiction under 28 U.S.C. § 1332,

3   the amount in controversy must also exceed $75,000. *See* 28 U.S.C. § 1332(a).

4         Federal Rule of Civil Procedure 19 generally requires the joinder of a person if "that

5   person claims an interest relating to the subject of the action and is so situated that disposing of the

6   action in the person's absence may: (i) as a practical matter impair or impede the person's ability

7   to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring

8   double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P.

9   19(a)(1)(B). If these requirements are satisfied, the person "must be joined" so long as doing so

10  will not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1).

11        "If a person who is required to be joined if feasible cannot be joined"—for example,

12  because doing so would eliminate the Court's subject matter jurisdiction—"the court must

13  determine whether, in equity and good conscience, the action should proceed among the existing

14  parties or should be dismissed." Fed. R. Civ. P. 19(b).

## ANALYSIS

16        The parties do not dispute that complete diversity was lacking at the time Scottsdale filed

17  its complaint. As is permitted in a factual attack on jurisdiction under Rule 12(b)(1), Robbins and

18  Stoll have provided evidence establishing that Robbins is a citizen of Arizona and has not been a

19  citizen of California since 2012. Dkt. No. 20. And Scottsdale is incorporated in Ohio and has its

20  principal place of business in Arizona. Thus, at the time the complaint was filed, both the plaintiff

21  and one of the defendants were Arizona citizens.

22        Apparently aware of this issue, Scottsdale dismissed its claim against Robbins one day

23  before the filing of Robbins and Stoll's motion to dismiss. Dkt. No. 25, at 2. The questions before

24  the Court now are whether the dismissal of a nondiverse defendant can cure a jurisdictional defect

25  present at the time of filing under 28 U.S.C. § 1332; whether Robbins is a necessary party to these

26  proceedings, such that his joinder would be required under Rule 19 in the absence of the

27  jurisdictional problem; and, if he is a necessary party, whether the Court in equity and good

28  conscience should allow this case to proceed in his absence.

3

Defendants contend that dismissing Robbins now does not cure the jurisdictional problem because the citizenship of the parties is generally evaluated at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). Scottsdale responds that "dismissal of the party that destroyed diversity" is a permitted "method of curing a jurisdictional defect [that has] long been an exception to the time-of-filing rule." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004). Scottsdale's position is correct. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (acknowledging district court's "authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered"). Scottsdale was thus entitled to dismiss its claims against Robbins in order to cure the jurisdictional defect in its original complaint.

This does not end the Court's inquiry, however, because Rule 19 will sometimes preclude the Court from moving forward in the absence of a jurisdiction-destroying party like Robbins. *Cf. Horn v. Lockhart*, 17 Wall. 570, 579 (1873) ("[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them.").

To determine whether a party's presence is necessary for a case to move forward under Rule 19—i.e., whether that party is "indispensable"—"a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; then if, as here, the party cannot be joined, the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed. The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Rule 19 joinder is contingent, however, "upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1982).

Here, Robbins has a legally protected interest in the action because, if this court were to deny insurance coverage to Stoll, Scottsdale might be able to rely on that ruling to preclude

4

1   Robbins from litigating the same issue (regarding the "Insured v. Insured Exclusion") again in
2   state court. Although Scottsdale would need to establish privity between Stoll and Robbins in
3   order to invoke such preclusion, *In re Russell*, 12 Cal.3d 229, 223 (1974), the concept of privity in
4   California law "has been expanded … to a relationship between the party to be estopped and the
5   unsuccessful party in the prior litigation which is sufficiently close so as to justify the application
6   of the doctrine of collateral estoppel." *Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 875
7   (1978) (overruled in part on other grounds). Because Stoll and Robbins were Flora's only two
8   board members when the derivative demand was made and because they have identical coverage
9   under the joint insurance policy, it is at least possible that Scottsdale would be able to establish
10  privity between them sufficient to preclude relitigation of issues by Robbins in state court.

11  *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1092 (9th Cir. 1985), addressed the similar
12  question of whether a child injured due to purported medical practice had a legally protected
13  interest in a lawsuit brought by his parents against a county hospital. Though the child sought to
14  recover "different damages" than his parents, the Court found that "his right to recovery, like his
15  parents', depend[ed] on a determination of the County's negligence." *Id.* The Court further
16  reasoned: "If his parents' suit is allowed to proceed, and the County is found non-negligent, [the
17  child] may be collaterally estopped from relitigating the issue of the County's negligence. Since a
18  California court may find [the child] collaterally estopped from pursuing his own suit in state
19  court, the district court here properly found him to have an interest in his parents' action that could
20  be impaired if that action goes forward without him as a party." *Id.*

21  *Aguilar* emphasized that "Rule 19 speaks to *possible* harm, not only to certain harm." 751
22  F.2d at 1094 (emphasis added). Because there is a possibility that Robbins could be bound by the
23  holdings of this Court in any subsequent California state court litigation, he has a legally protected
24  interest in this action.

25  For largely the same reasons, Robbins is also a necessary party to this lawsuit. Robbins and
26  Stoll are jointly insured under Scottsdale's indemnity policy and have identical claims for
27  coverage against the insurer. While Robbins and Stoll may have separate rights under Scottsdale's
28  indemnity policy, there is no difference between the two board members with respect to the factual

5

or legal issues presented here. And as noted already, there is at least a possibility that holdings in this litigation could bind Robbins in any future state court proceedings. Accordingly, if Robbins is not a party to these proceedings, his ability to protect his interests under the insurance policy could be impaired or impeded. Fed. R. Civ. P. 19(a)(1)(B)(i).

Finally, Robbins's presence in this lawsuit is also indispensable. In determining whether to proceed without a necessary party or dismiss the case, a court may consider "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties" and "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). Here, Robbins could be substantially prejudiced if the lawsuit moved forward without him, as he would be unable to participate in an action that implicates his insurance interest and could potentially be used by Scottsdale in litigation against him. By contrast, the prejudice faced by Scottsdale is minimal as it can sue both Robbins and Stoll in a single state court proceeding. Dismissal for nonjoinder here thus would not preclude Scottsdale from obtaining an adequate remedy. Under these circumstances, equity and good conscience strongly counsel in favor of having Scottsdale's claims against both Robbins and Stoll resolved in a single proceeding.

For these reasons, this lawsuit cannot proceed without Robbins's participation as a party. Pursuant to Rule 19(b), the lawsuit must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court therefore dismisses this matter without prejudice.

**IT IS SO ORDERED.**

Dated: April 16, 2024

P. Casey Pitts
United States District Judge